# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, § § § § Plaintiff, § § v. § § JUNIPER NETWORKS, INC., § § Defendant. § § | CIVIL ACTION NO. 2:16-CV-0014 **JURY TRIAL DEMANDED** |

## DEFENDANT JUNIPER NETWORKS, INC.'S MOTION TO DISMISS MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC'S COMPLAINT

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................................................................................................1

II. ISSUES TO BE DECIDED BY THE COURT ......................................................1

III. BACKGROUND ....................................................................................................1

IV. LEGAL STANDARD ............................................................................................3

V. ARGUMENT ..........................................................................................................4

    A. MTel's Direct Infringement Allegations for the '403 Patent Are Legally Insufficient ................................................................................4

    B. MTel's Direct Infringement Allegations for the '891 Patent Are Legally Insufficient ................................................................................6

    C. MTel's Direct Infringement Allegations for the '210 Patent Are Legally Insufficient ................................................................................8

VI. CONCLUSION .......................................................................................................9

Defendant Juniper Networks, Inc. ("Juniper") hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the direct infringement claims for U.S. Patent Nos. 5,590,403 ("the '403 Patent"), 5,659,891 ("the '891 Patent"), and 5,915,210 ("the '210 Patent") (collectively, "the Asserted Patents") of Plaintiff Mobile Telecommunications Technologies, LLC's ("MTel") Complaint for Patent Infringement. Dkt. No. 1 ("Complaint").

## I.     INTRODUCTION

MTel's Complaint falls short of the threshold pleading requirement set by the Supreme Court. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that a complaint must plead *specific facts* establishing "a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court further explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Notwithstanding these clear statements from the Supreme Court, this is precisely how MTel has chosen to plead its causes of action for direct infringement in this case.

## II.    ISSUES TO BE DECIDED BY THE COURT

Whether MTel's Complaint fails to state a claim for direct infringement for the Asserted Patents, pursuant to Rule 12(b)(6).

## III.   BACKGROUND

MTel filed the Complaint against Juniper on January 4, 2015, alleging direct infringement of the Asserted Patents.[1] Dkt. No. 1. Juniper filed an unopposed motion to extend the deadline to answer to March 7, 2016, and the Court granted the motion. Dkt. No. 10.

---

[1] The Complaint does not allege indirect infringement.

MTel accuses Juniper "wireless access points, WLAN controllers, and gateways that supported IEEE 802.11 a, g, n or ac standards," which the Complaint refers to collectively as "Wi-Fi Equipment." Dkt. No. 1 at ¶ 7. MTel identifies Juniper's "WLA Series Wireless LAN Access Points" as an "example" of the accused "Wi-Fi Equipment." *Id.* at ¶ 8. The Complaint alleges that Juniper products employ "certain subcarrier frequency structures in the IEEE 802.11 a, g, n, or ac orthogonal frequency-division multiplexing ('OFDM') scheme, or techniques consistent with the MIMO aspects of IEEE 802.11 n or ac standards." *Id.* at ¶ 15. Although MTel makes some effort to describe what products it believes infringe (i.e., "wireless access points, WLAN controllers, and gateways that supported IEEE 802.11 a, g, n or ac standards,"), MTel does not provide any of the required "specific facts" that would entitle it to relief. Rather, MTel relies solely on the type of conclusory statements that the Supreme Court has expressly held are insufficient. Indeed, there is no mention in the Complaint about the elements of the asserted claims or how compliance with the MIMO and OFDM scheme amounts to infringement of the claims.

MTel's pleading deficiencies are particularly problematic in this case because a number of MTel's asserted claims are method claims. As a matter of law, method claims can only be infringed when someone actually performs each and every step of the patented method. Because MTel accuses Juniper only of direct infringement, therefore, its complaint must provide some specific facts indicating that Juniper actually practiced every limitation of the asserted method claims. MTel, however, provides no such facts. Rather, it only makes vague allegations about "Wi-Fi Equipment" and makes the conclusory assertion that Juniper infringed the method claims because its "service professionals used, installed, tested, deployed, or validated Wi-Fi Equipment." Dkt. No. 1 at ¶ 28. The Complaint does not allege that Juniper employees practiced all of the method steps of the asserted claims. As

discussed below, such vague assertions fall short of the pleading standard, particularly now that Form 18 has been abrogated.

### IV.     LEGAL STANDARD

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and *specific facts* supporting that claim.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Twombly*, 550 U.S. at 557 (finding that a "naked assertion" of wrongdoing without "factual enhancement" does not state a claim).  The Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" under Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

As the Supreme Court has explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility exists only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at

679.  The Court is not required to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.  If the pleading fails to satisfy this standard, the Court must dismiss it under Fed. R. Civ. P. 12(b)(6).  *Twombly*, 550 U.S. at 570.

"A method claim is directly infringed only by one practicing the patented method," and making, selling, or offering to sell a product that may be used in an infringing manner is not an act of direct infringement of method patents. *See, e.g., Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process."); *see also id.* at 775 ("[A] method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method.  The sale of the apparatus is not a sale of the method. A method claim is directly infringed only by one practicing the patented method.").

V.   ARGUMENT

   A.   **MTel's Direct Infringement Allegations for the '403 Patent Are Legally Insufficient**

MTel asserts method claims 1, 10, and 11 of the '403 patent, which is titled "Method and System for Efficiently Providing Two Way Communication between a Central Network and Mobile Unit."  Dkt. No. 1 at 7; Dkt. No. 1-1 ('403 patent).  The Summary of the Invention states that the "invention is directed to a method for information transmission by a plurality of transmitters to provide broad communication capability over a region of space, the information transmission occurring during at least both a first time period and a second time period and the plurality of transmitters being divided into at least a first and second set of transmitters." '403 patent at 5:13-19.  The asserted claims recite a "plurality of transmitters being divided into at least a first and second set of transmitters."  *Id.* at 33:16-17; *see also id*. at 34:45-48 ("a first set of base transmitters assigned to a first zone, and ….a second set of base transmitters assigned to a second zone.").

MTel's complaint does not allege a single fact from which the Court can reasonably infer that Juniper practices each of the steps of the asserted method claims of the '403 patent. To start, MTel accuses Juniper of acts that cannot, by law, establish infringement of the asserted method claims. MTel alleges that "Juniper directly infringed one or more claims of the '403 Patent by *making*, using, *selling*, and *offering to sell* Wi-Fi Equipment and associated services." Dkt. No. 1 at ¶ 22 (emphasis added). The Complaint also alleges that Juniper's "sale of Wi-Fi Equipment, such as its WLA Series Wireless LAN Access Points, directly infringed the '403 Patent at least because such equipment embodies the asserted method claims of the '403 Patent." *Id.* at ¶ 27. But making, selling, and offering to sell, equipment that "embodies" claims of a method patent does not constitute patent infringement as a matter of law. The Federal Circuit has explained that "[a] method claim is directly infringed only by one practicing the patented method," and that making, selling, or offering to sell a product that may be used in an infringing manner is not an act of direct infringement of method patents. *See, e.g., Joy Techs.*, 6 F.3d at 775; *see also id.* at 773 (holding that "the making or selling" of equipment designed to enable use of the patented system is not the sale of the claimed process). Accordingly, MTel's allegations regarding making, selling, and offering to sell the accused equipment should be dismissed for failing to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

MTel's allegations for infringement by *using* certain equipment likewise falls short. MTel makes vague assertions about activities by Juniper employees such as "service professionals [who] used, installed, tested, deployed, or validated Wi-Fi Equipment." Dkt. No. 1 at ¶ 28; *see also id.* at ¶¶ 29-30. MTel, however, does not plead any specific facts that connect the alleged actions (installing, testing, deploying, or validating) to the method steps of the asserted claims. For example, claim 1 of the '403 patent recites the following steps:

>(a) generating a system information signal which includes a plurality of blocks of information;
>(b) transmitting the system information signal to the plurality of transmitters;
>(c) transmitting by the first and second sets of transmitters a first block of information in simulcast during the first time period;
>(d) transmitting by the first set of transmitters a second block of information during the second time period; and
>(e) transmitting by the second set of transmitters a third block of information during the second time period.

'403 patent at 33:19-30.  MTel does not allege any specific facts from which the Court can reasonably infer that Juniper service professionals or technicians performed these steps.  For example, the asserted method claims 1, 10 and 11 of the '403 patent require a plurality of transmitters divided into a first and second set of transmitters and recite the step of "transmitting by the first and second set of transmitters."  *Id.* at 33:23; *see also id.* at 34:43-48 ("the first information signal being transmitted in simulcast by a first set of base transmitters assigned to a first zone, and the second information signal being transmitted in simulcast by a second set of base transmitters assigned to a second zone.").  Nowhere in its Complaint does MTel allege that Juniper, or its service professionals, actually performed the steps of transmitting by a first and second set of transmitters.  MTel's assertions are mere legal conclusions, which the Court is not required to accept as true, and should be dismissed.  *Iqbal*, 556 U.S. at 678.

### B. MTel's Direct Infringement Allegations for the '891 Patent Are Legally Insufficient

MTel asserts method claims 1-5 of the '891 patent, which is titled "Multicarrier Techniques in Bandlimited Channels."  Dkt. No. 1 at 9; Dkt. No. 1-2 ('891 patent).  The Summary of the Invention states that "[i]t is an object of this invention to achieve higher capacity over a bandlimited channel for paging without the need for stringent subchannel interference protection."  '891 patent at 2:15-17.  Method claims 1 and 2 are directed to a

"method of operating a plurality of paging carriers" and method claims 3 and 4 are directed to "a method of operating at least two paging carriers." *Id.* at 6:4, 6:15. Method claim 5 recites a "plurality of transmitters" and a "plurality of mobile receiving units." *Id.* at 6:27, 6:29-30.

MTel's infringement allegations for the '891 patent are deficient for reasons similar to those discussed in the preceding section regarding the '403 patent. To start, MTel once again asserts infringement of method claims by making, selling, and offering to sell equipment. Dkt. No. 1 at ¶ 34. As discussed above, these claims must be dismissed because method claims cannot be infringed by making, selling, or offering to sell equipment that can be used to practice the claimed method. *See, e.g., Joy Techs.*, 6 F.3d at 773, 775.

MTel also once again presents vague and conclusory statements about the actions of Juniper service professional without alleging any facts to show that Juniper service professionals ever performed the method steps of claims 1-5 of the '891 patent. Dkt. No. 1 at ¶¶ 39-40. MTel alleges that the accused "Wi-Fi Equipment" uses "certain subcarrier frequency structures of the IEEE 802.11 orthogonal frequency-division multiplexing ('OFDM') scheme," but makes no attempt to show that using equipment that employs the OFDM scheme necessarily results in carrying out the steps of the asserted method claims. *Id.* at ¶ 35. Moreover, the Complaint does not allege that the OFDM scheme was employed as part of the work allegedly performed by Juniper service professionals. *Id.* at ¶¶ 39-40. Accordingly, MTel's allegations directed to method claims 1-5 of the '891 patent must be dismissed. MTel's allegations are "conclusion[s]" and "formulaic recitation[s] of the elements of a cause of action" that fail to meet the pleading standard articulated by the Supreme Court. *Twombly*, 550 U.S. at 555.

### C. MTel's Direct Infringement Allegations for the '210 Patent Are Legally Insufficient

MTel's allegations directed to the '210 patent suffer from the same deficiencies discussed above. MTel asserts apparatus claims 1, 7 and 8, and method claims 10, 15, 16, 17, and 19 of the '210 patent. Dkt. No. 1 at 12; Dkt. No. 1-3 ('210 patent). The Summary of the Invention states that "the invention is directed to a method for information transmission by a plurality of transmitters to provide broad communication capability over a region of space, the information transmission occurring during at least both a first time period and a second time period and the plurality of transmitters being divided into at least a first and second set of transmitters." '210 patent at 5:10-16. The asserted claims recite "a first transmitter" and "a second transmitter." '210 patent at 33:50, 33:56, 34:59-62.

MTel asserts infringement of method claims 10, 15, 16, 17, and 19 of the '210 patent by making, selling, and offering to sell equipment. Dkt. No. 1 at ¶¶ 44, 47. For the reasons discussed above, these claims must be dismissed as method claims cannot be infringed by making, selling, or offering to sell equipment that can be used to practice the claimed method. *See, e.g., Joy Techs.*, 6 F.3d at 773, 775. MTel also once again presents vague and conclusory statements about the actions of Juniper service professional without alleging any facts to show that Juniper service professionals ever performed the steps of method claims 10, 15, 16, 17, and 19 of the '210 patent. *See, e.g.,* Dkt. No. 1 at ¶¶ 48-49. Accordingly, MTel's allegations directed to method claims 10, 15, 16, 17, and 19 of the '210 patent must be dismissed.

MTel's allegations directed to apparatus claims 1, 7, and 8 of the '210 patent also must be dismissed. These claims require "a first transmitter" and a "second transmitter." Dkt. No. 1 at 33:50, 33:56. MTel alleges that the accused "Wi-Fi Equipment" employs

"MIMO functionality and certain multi-carrier frequency structures, such as OFDM"[2] (Dkt. No. 1 at ¶ 45), but does not assert that this functionality reads on the claims of the asserted apparatus claims, which require "a first transmitter" and a "second transmitter."  That is, even if accepted as true that the Wi-Fi Equipment employs MIMO and OFDM functionality, this does not state an infringement claim that is plausible on its face.  Again, MTel's allegations are mere conclusions that must be dismissed.  *Twombly*, 550 U.S. at 555.

## VI.     CONCLUSION

Because MTel's direct infringement allegations for the Asserted Patents each fail to state a claim upon which relief can be granted, Juniper respectfully requests that the Court dismiss MTel's Complaint pursuant to Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure.

---

[2] The Complaint alleges that "a MIMO system has some number of transmitters (N)" but does not allege that Juniper ever used a first transmitter and a second transmitter as required by the claims or that the accused "Wi-Fi Equipment" has a first transmitter and a second transmitter.  Dkt. No. 1 at ¶ 15.

DATED: March 7, 2016            Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
TX Bar No. 24001351
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Melissa@gilliamsmithlaw.com

Jonathan S. Kagan
*Pro Hac Vice*
Irell & Manella - Los Angeles
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
jkagan@irell.com

***Attorneys for Defendant Juniper Networks, Inc.***

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 7th day of March, 2016.

*/s/ Melissa R. Smith*
Melissa R. Smith